UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL RENOWITZKY, <br> Plaintiff, <br> v. <br> ZIEVE, BRODNAX & STEEL, LLP, et al., <br> Defendants. | Case No. 17-cv-02309-DMR <br><br> **REQUEST TO REASSIGN TO DISTRICT JUDGE; REPORT AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE** <br><br> Re: Dkt. No. 9 |

On April 25, 2017, pro se Plaintiff Carl Renowitzy ("Mr. Renowitzy") filed this action. [Docket No. 1 (Compl.). Mr. Renowitzy has not filed a declination or consent to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). Therefore, the undersigned requests that this case be reassigned to a district judge, and issues this Report and Recommendation, with a recommendation that this action be dismissed without prejudice for failure to prosecute. As discussed below, Mr. Renowitzy has repeatedly not taken steps to prosecute his case, including failing to file a court-ordered Case Management Conference Statement and failing to respond to a written response to an order to show cause. In addition, Mr. Renowitzy has not responded to six Clerk's notices to consent or decline to the jurisdiction of a magistrate judge, and has not provided a current address as required by Civil Local Rule 3-11(a).

## I. PROCEDURAL HISTORY

On May 10, 2017, the Clerk notified Mr. Renowitzy that his lawsuit had been randomly assigned to a magistrate judge and, as such, required his consent to the jurisdiction of a magistrate judge or declination/request for reassignment to a district judge by a certain deadline. [Docket No. 3 (Clerk's Notice No. 1)]. The Clerk sent the notice via U.S. Mail to the address on file with the court, i.e., Carl Renowitzky P.O. Box 332 San Lorenzo, CA 94580. *Id.* Mr. Renowitzy did not

1 file a consent or declination.

2 The Clerk thereafter issued Mr. Renowitzy four additional notices to consent or decline and mailed them to the address on file. [Docket No. 4 (Clerk's Notice No. 2); Docket No. 5 (Clerk's Notice No. 3); Docket No. 6 (Clerk's Notice No. 4); Docket No. 7 (Clerk's Notice No. 5)]. Mr. Renowitzy did not respond to any of these notices.

On August 1, 2017, the undersigned continued the Initial Case Management Conference from August 2, 2017 to September 6, 2017. [Docket No. 8 (Order Continuing Initial Case Management Conference)]. The undersigned ordered Mr. Renowitzy to file a Joint Case Management Conference Statement by no later than August 30, 2017. The August 1, 2017 order was sent via U.S. Mail to the address on file. *Id*.

Mr. Renowitzky did not file a Case Management Statement by August 1, 2017. Therefore, on September 1, 2017, the undersigned vacated the September 6, 2017 Case Management Conference and issued an order to show cause why this action should not be dismissed for failure to prosecute. [Docket No. 9 (Order to Show Cause ("OSC")]. The undersigned explained that Mr. Renowitzy had failed to file a court-ordered Joint Case Management Conference Statement, and also that it did not appear that he had served the defendants with the summons and complaint within 90 days of the filing of the complaint as required by Federal Rule of Civil Procedure 4(m). *Id*. The undersigned ordered Mr. Renowitzy to show cause in writing why this action should not be dismissed for failure to prosecute by September 6, 2017. *Id*. The OSC was sent via U.S. Mail to the address on file. *Id*.

No response to the OSC was filed. On September 8, 2017, the court received notice that four clerk's notices and the order continuing the August 2, 2017 Case Management Conference had been returned as "undeliverable." [Docket Nos. 10-14].

Because Mr. Renowitzy provided an e-mail address, the Clerk issued a sixth clerk's notice to consent or decline via e-mail in a final attempt to reach Mr. Renowitzy. [Docket No. 15 (Clerk's Notice No. 6)]. In the notice, the Clerk explained that the Clerk had previously sent five notices to consent or decline, as well as court orders to the address on file, and that several of these notices and a court order had been returned as "undeliverable." *Id*. The Clerk informed Mr.

2

1  Renowitzy that the undersigned had issued an OSC for failure to prosecute and that if he intended
2  to prosecute his case, he had to immediately file a consent or declination to the jurisdiction of a
3  magistrate judge, and a written response to the OSC. *Id.* Nothing indicates that Mr. Renowitzy
4  did not receive the e-mail, or that the e-mail was not properly delivered.

As of today, October 2, 2017, Mr. Renowitzy has not responded to the OSC, nor has he filed his consent or declination.

Accordingly, in light of Mr. Renowitzy's continuing failure to respond to court orders and prosecute his case, the undersigned recommends that the action be dismissed for failure to prosecute.

## II. CONCLUSION

For the reasons above, the undersigned recommends that this action be dismissed without prejudice for failure to prosecute. The Clerk is directed to reassign this case to a district judge.

Any party may file objections to this report and recommendation with the district judge within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); N.D. Cal. Civ. L.R. 72-2.

**IT IS SO ORDERED**.

Dated: October 2, 2017



DONNA M. RYU
United States Magistrate Judge